NO. 23-1897

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

BRIAN JARRELL DENNIS

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Honorable Charles J. Williams, Judge
(District Court No. 21-CR-0032-CJW)

APPELLANT'S BRIEF AND ARGUMENT

Brian D. Johnson AT0004000
Jacobsen, Johnson & Wiezorek PLC
425 Second Street SE Suite 803
Cedar Rapids, Iowa 52401
Telephone No. (319) 286-1767
Facsimile No.  (319) 286-1137
E-mail:  bjohnson@jjwlegal.com

ATTORNEY FOR APPELLANT

i

**SUMMARY OF THE CASE**

Appellant Brian Dennis appeals the Sentencing Order entered by the United States District Court for the Northern District of Iowa on April 24, 2023. Specifically, Appellant contests the Court's calculations regarding Base Offense Level. Use of Violence, and Role in the Offense, as well as the general unreasonableness of the sentence imposed.

Appellant requests 10 minutes for oral arguments.

Appellate Case: 23-1897    Page: 2    Date Filed: 09/25/2023 Entry ID: 5319383

# TABLE OF CONTENTS

**<u>Page</u>**

Summary of the Case ............................................................................. ii

Table of Contents ................................................................................. iii

Table of Authorities ..............................................................................iv

Jurisdictional Statement ........................................................................v

Statement of the Issues Presented for Review ......................................1

Statement of the Case............................................................................2

Summary of the Argument.....................................................................4

Argument ...........................................................................................…4

Conclusion ......................................................................................…14

Certificate of Service ..................................................... …………………15

Certificate of Filing.. ……………………………………………………………...16

Certificate of Electronic Filing……………………………………………………17

iii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*United States v. Booker* 543 U.S. 220 (2005)….;………………………………12

*United States v. Bahena*, 223 F.3d 797 (8th Cir. 2010)…………………………..11

*United States v. Delpit*, 94 F.3d 1134 (8th Cir. 1995)………………..…....…1, 11

*United States v. Haack*, 403 F.3d 997 (8th Cir. 2005)…………………………...13

*United States v. Lashley*, 251 F.3d 706 (8th Cir. 2011)…………………………10

*United States v. Ortiz-Martinez*, 1 F.2d 662 (8th Cir. 1993)……………..……1, 11

*United States v. Perry*, 640 F.3d 805 (8th Cir. 2011)……………………,,…1, 6-7

*United States v. Robinson*, 898 F.2d 1111 (6th Cir. 1990)………………………7

*United States v. Robinson*, 639 F.3d 489 (8th Cir. 2011)………………………4

*United States v. Rutherford*, 599 F.3d 817 (8th Cir. 2010)……………………..8

*United States v. Shorteeth*, 887 F.2d 253 (6th Cir. 1989)………………………1, 7

*United States v. Tyson*, 413 F.3d 824 (8th Cir. 2005)………………………………12

*United States v. Washington*, 146 F.3d 219 (4th Cir. 1998)………………………7


**Other:**

18 U.S.C. §3231…………………………………………………………………..v

28 U.S.C. §1291…...……………………………………………………………….v

18 U.S.C. §3553……………………………………………………………………1,13


USSG 1B1.8……………………………………………………………………..1, 4-5

USSG 2D1.1……………………………………………………………………...1, 9

USSG 3B1.1………………………………………………………………..….1, 11

## JURISDICTIONAL STATEMENT

<u>The decision appealed</u>:  APPELLANT Brian Dennis appeals the Sentencing Order entered by the District Court on April 24, 2023.

<u>Jurisdiction of the District Court</u>:  The United States District Court had jurisdiction over Appellant's criminal matter pursuant to 18 U.S.C. § 3231: "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."

<u>Jurisdiction of this court</u>:  This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291: "The courts of appeals . . .  shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."  The Final Order of the District Court (Judgment in a Criminal Case) appealed herein is a Final Decision of the District Court.

The Defendant/Appellant filed a timely Notice of Appeal on April 28 2023, from the Judgment formally entered on April 24, 2023.

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

I.  THE DISTRICT COURT ERRED IN CALCULATING THE BASE OFFENSE LEVEL IN THIS MATTER.
   a. *United States v. Perry*, 640 F.3d 805 (8th Cir. 2011)
   b. *United States v. Shorteeth*, 887 F.2d 253 (6th Cir. 1989)
   c. USSG §1B1.8

II. THE DISTRICT COURT INCORRECTLY ATTRIBUTED A TWO-LEVEL ENHANCEMENT FOR USE OF VIOLENCE IN CONNECTION WITH THE OFFENSE.
   a. USSG §2D1.1(b)(2)

III. THE DISTRICT COURT INCORRECTLY ATTRIBUTED A FOUR-LEVEL ENHANCEMENT BASED ON AN AGGRAVATING ROLE IN THE OFFENSE.
   a. *United States v. Delpit*, 94 F.3d 1134 (8th Cir. 1995)
   b. *United States v. Ortiz-Martinez*, 1 F.3d 662 (8th Cir. 1993)
   c. USSG §3B1.1

IV. THE SENTENCE WAS GREATER THAN NECESSARY PURSUANT TO THE SENTENCING GOALS OF 18 U.S.C. §3553(a).
   a. 18 U.S.C. 3553(a)

1

# STATEMENT OF THE CASE

Nature of the Case:  This is a direct appeal by Defendant/Appellant Brian Dennis regarding the sentence imposed in the Northern District of Iowa.

Procedural History:  On June 15, 2021, Mr. Dennis was charged in a single-count indictment with Distribution of a Controlled Substance.  On July 26, 2021, the Defendant entered a Notice of Intent to Plead Guilty was entered.   However, the next day, the Government informed the Defense that more serious charges were forthcoming and that Notice was withdrawn.

On August 18, 2021, a Superseding Indictment was filed against Mr. Dennis charging him with Conspiracy to Distribute a Controlled Substance, four counts of Distribution of a Controlled Substance or Aiding and Abetting Distribution of a Controlled Substance, and one count of Possession of a Firearm as a Felon.  On June 21, 2022, Defendant entered a Notice of Intent to Plead Guilty, and entered said Guilty Plea on June 27, 2022.

On April 21, 2024, Sentencing was held on the case.  A number of issues were contested.   The Defendant specifically challenged the Base Offense Level based on drug quantity, the four-level enhancement for Role in the Offense, and two-level enhancement for Use of Violence.  After hearing from te parties, the

2

Court found a Base Offense Level of 34, with two level enhancements for Use of Violence and a Firearm in Connection with the Offense, and four levels for the role in the offense. This resulted in an Adjusted Offense Level of 44, and with Acceptance of Responsibility, resulted in a Total Offense Level of 41. With an uncontested criminal history category of V, this resulted in an advisory guideline range of 360 months to life. After hearing argument, the Court imposed a 400-month sentence with five years of supervised release to follow. Mr. Dennis entered a notice of appeal on April 28, 2023.

Relevant Factual History:

It is uncontested that Mr. Dennis was involved in drug trafficking. Mr. Dennis sold quantities of heroin in the greater Cedar Rapids area. Mr. Dennis accepted responsibility for that by pleading guilty. This is a case primarily based upon the application of the sentencing guidelines.

Drug quantity in this matter was contested, and the Government conceded at Sentencing that the amount initially attributed to the Defendant was overstated, and that a Base Offense Level 34 was appropriate (Sent. Trans. 94:21-23). Mr. Dennis worked with a number of individuals, including a number of charged co-conspirators in this matter.

One of the individuals Mr. Dennis allegedly worked with was Reginald Love. Mr. Love was shot November 28, 2018. Mr. Love is a cousin of Mr.

3

Dennis.  Mr. Love indicated to police on the night in question, as well as in every interview subsequent to that evening, that he did not know or recognize the shooter. No one was charged with this incident.   Years later, after being indicted as a co-conspirator on this case, Mr. Taylor Leyden came forth and identified Mr. Dennis as the shooter.  The first and only time that Mr. Leyden brought this to the attention of law enforcement was after he was charged and could benefit from the information by way of a cooperation plea agreement.

## SUMMARY OF THE ARGUMENT

The District Court incorrectly calculated the Base Offense Level of the Defendant by erroneously attributing drug quantity to the Defendant protected pursuant to USSG §1B1.8, a two-level enhancement for use of violence and/or credible threat of violence in connection with the offense, and a four-level enhancement for an aggravating role in the defense based on the size and scope of the conspiracy, as well as being in an oversight role in the offense.

## ARGUMENT

### I. THE BASE OFFENSE LEVEL WAS CALCULATED INCORRECTLY BY THE DISTRICT COURT DUE TO AN ERROR IN ATTRIBUTION OF DRUG QUANTITY TO THE DEFENDANT.

**Standard of Review:**  The Standard of Review for interpretation and application of the guidelines de novo. *United States v Robinson*, 639 F.3d 489, 494-95 (8th Cir. 2011).

4

**Merits:** The District Court attributed the Base Offense Level to Mr. Dennis due nearly entirely to the total drug quantity as calculated by the District Court. This was in some part due to testimony by witnesses at the time of the Sentencing Hearing, and in larger point by the Defendant's own statements in a post-arrest interview on February 28, 2022. The Court specifically indicated that it used the statements made by the Appellant to come up with the base offense level in this matter. (Sent. Trans. 96:20-24). The District Court attributed 6.6 kilograms of heroin to the Appellant's statements (Sent. Trans. 91:12-15). The Court also attributed two pounds of meth to the Appellant from a November 18, 2021 interview (Sent. Trans 93:15-18). It cannot be doubted that the decision to incorporate the Defendant's statements substantially raised the base offense level from the half kilo attributed by the court based on Mr. Leyden's testimony (Sent. Trans. 92:1-9) plus the uncontested weights from the PSI which added up to 365.93 kgs of drug weight results in a converted total drug weight of 654.43 KGs, or a Base Offense Level 26.

Mr. Dennis entered into a signed Proffer Agreement with the Government (R.Doc. 451-2) dated November 18, 2021 (it should be noted the Government's Attorney Mr. Chatham was ill and not personally present for the initial interview, hence the date of December 10, 2021 on his signature). Said agreement indicated the following regarding USSG §1B1.8 protection: "The information would then be

5

used to assist us in determining what, if any, consideration should be afforded your client in exchange for his agreement to be interviewed further, testify or provide other cooperation at a later date, including any consideration under USSG §1B1.8." Appellant participated in two interviews: November 18, 2021 and February 28, 2022. Clearly, the February 28, 2022 would constitute an agreement to be interviewed further.

When applicable, the USSG §1B1.8 protection "carves out a limited exception to the otherwise comprehensive mandate of 18 U.S.C. §3661 that no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may…consider for the purpose of imposing an appropriate sentence" *United States v. Perry*, 640 F.3d 805, 810 (8th Cir. 2011). It is clear that the self-incriminating nature of the information disclosed by Mr. Dennis would "be used against him' *Id.* The Government clearly does not believe Mr. Dennis's statements that he did not shoot Mr. Love; the testifying officer talked about asking Mr. Dennis twice about who shot Mr. Love and him denying it both times, and law enforcement not believing the story (Sent. Trans. 77:15-79:7). This was where the breakdown in Mr. Dennis's meetings occurred—clearly the Government was more than happy to treat the information regarding his drug dealing with absolute deference and commitment to telling the truth in terms of quantity. Clearly the point of the

Appellate Case: 23-1897    Page: 12    Date Filed: 09/25/2023 Entry ID: 5319383

proffer letter is to entice a Defendant into cooperation as long as it's truthful, and

"An absolute and unqualified promise not to "use" the self-incriminating

information is not required to bring an agreement within the bounds of §1B1.8"

*Perry* at 811. The Government continued with a full interview of the Defendant

after the proffer agreement was signed, bringing those protections to him by the

language from the proffer letter cited above.   The mention of §1B1.8 protection in

the proffer letter is couched under the same language that the decision to speak

with law enforcement and the fact that they continued to speak with Appellant

gave an implied promise that this was protected information.  The proper course of

using protected information against the Appellant in these matters is to reverse and

remand for resentencing.  *United States v. Washington,* 146 F.3d 219 (4th Cir.

1998).  See also *United States v Robinson*, 898 F.2d 1111, 1117 (6th Cir. 1990);

*United States v Shorteeth*. 887 F.2d 253, 256 (10th Cir. 1989).


II. **THE DISTRICT COURT INCORRECTLY ATTRIBUTED A TWO-LEVEL ROLE IN THE OFFENSE FOR THE USE OF VIOLENCE AND/OR CREDIBLE THREAT OF VIOLENCE IN CONNECTION WITH THE OFFENSE.**

**Standard of Review:**  This Court reviews the District Court's interpretation

of enhancements under the United States Sentencing Guidelines de novo, but the

7

application of facts to the relevant Sentencing Guideline for clear error. *United States v. Rutherford*, 599 F.3d 817, 820 (8th Cir. 2010).

**Merits:**   The use of violence or threats of violence arose out a shooting where Reginald (Reggie) Love was shot by an unknown assailant.  No individual was ever charged with that offense.   Mr. Love denied knowing who the shooter was, both to police as well as to the Court at the time of Sentencing (Sent. Trans. 22:13-23:3).  The Court found Mr. Love to be not credible at all (Sent. Trans. 106:8-20).  This is largely due to his supposed motive to lie, and telling obvious untruths about things like growing his own poppy seed.  (Sent. Trans. 106:11-20).  This is despite the fact that Mr. Love's statements to police and to the Court were consistent with each other over a period of years.

The Court found Taylor Leyden to be credible. (Sent. Trans. 107:6-7).  Even in doing so, the Court acknowledged that Mr. Leyden told falsehoods about trying to avoid talking to police, and not telling anyone the story for years (Sent. Trans. 107:8-11).   The Court specifically cites to Mr. Leyden's testimony that he associated the van from the shooting with Mr. Dennis (Sent. Trans. 107:14-23).  This was despite the fact that Mr. Leyden had seen the same van earlier in the same day of the shooting with other unknown individuals using the van and Mr. Dennis not being present at all (Sent. Trans. 45:9-21).  No physical evidence was presented connecting Mr. Dennis with the shooting, and Mr. Leyden was the sole

8

eyewitness who placed Mr. Dennis at the scene.   Mr. Leyden had already received a twenty percent reduction in his sentence for cooperation and was trying to get more (Sent. Trans. 26:3-17).

There is no dispute that if the Defendant had shot someone that it would qualify as "use of violence."  USSG §2D1.1(b)(2).  However, even with the standard being preponderance of the evidence, the evidence presented by the Government falls short. The "witness" in the case first came forward after he was arrested for the same conspiracy for which Mr. Dennis was charged, and for the very first-time identified Mr. Dennis as the shooter after that fact.  He identified Mr. Dennis as the shooter in an extremely brief time at night with minimal lighting as a van drove past his car, but could not identify anyone else in the car (Sent. Trans. 46:3-22).  He had also used drugs earlier in the day (Sent. Trans. 47:23-24).

This is contrasted with Mr. Love, who the Court found to be not credible.  It is true that Mr. Love did not likely have his own personal poppy fields.  However, his story did not waver over the years.   Mr. Love was transported from Federal prison (Sent. Trans. 15:7-8).  He was not happy to be there as he was being brought there against his will and feeling like they were forcing him to say something (Sent. Trans. 23:8-14).  He refused to participate in a prep session with the Prosecutor and Law Enforcement prior to the hearing for the very understandable reason of being pulled out of the BOP and possibly being seen as a cooperator

9

upon his return to Federal prison (Sent. Trans. 76:1-22). This was a very understandable reason to be standoffish with the prosecution, but does nothing to change the fact that Mr. Love's testimony never changed.

Appellant asserts that none of the errors alleged in this appeal are harmless. However, the District Court specifically cited to this issue as one that would cause the Court to rethink the sentence imposed. When invited by the Government to declare that since it would be unlikely that the Appellant's guideline range would change even if the appeal was successful, the District Court declined and cited specifically "If, for example, the Court of Appeals were to find that I erred in assessing the defendant with the responsibility for the shooting in this case, which I find to be one of the most aggravating factors here, then I may want to reassess what I believe to be the appropriate sentence." (Sent. Trans. 135:12-17).

## III.     THE DISTRICT COURT INCORRECTLY ATTRIBUTED A FOUR-LEVEL ENHANCEMENT DUE TO THE DEFENDANT'S ROLE IN THE OFFENSE

**<u>Standard of Review:</u>**  Regarding the findings of fact from a District Court in applying a sentencing enhancement based on a defendant's role in the offense, the standard of review is clear error. *United States v Lashley*, 251 F.3d 706, 712 (8th Cir. 2001). In terms of interpreting issues of law like deciding between an

organizer or leader versus a manager or supervisor, the standard is de novo. *United States v. Bahena*, 223 F.3d 797, 804 (8th Cir. 2000).

    **Merits:**  As stated previously, it is not disputed that Appellant distributed controlled substances, or even that he had individuals who worked closely with him.  What applies in this matter is interpretation of USSG §3B1.1.  A leadership role is determined by "the nature of defendant's role in the offense, the recruitment of accomplices, the degree of participation in planning or organizing the offense." *United States v. Ortiz-Martinez*, 1 F.3d 662, 677 (8th Cir. 1993).  However, the line between being an organizer or leader versus a manager or supervisor is not always clear.  *United States v Delpit*, 94 F.3d 1134, 1155 (8th Cir. 1995).

    The only witness who came in to testify at Mr. Dennis's Sentencing Hearing regarding his role in the offense was Mr. Leyden.   Otherwise, the Court primarily relied upon uncontested portions of the PSI as well (Sent. Trans. 114:24-115:15).  The Court found that there were five or more participants involved. (Sent. Trans. 114:10-12).  The more pressing issue is whether he fell as an organizer/leader or manager/supervisor.

    One of the contested issues that the Court ruled in favor on for the Appellant was the purported kilograms of heroin that were being brought to and from Chicago at the Appellant's direction—even the Court conceded that the weight of the evidence did not support that (Sent. Trans. 90:4-16).   So, no evidence was

Appellate Case: 23-1897   Page: 17   Date Filed: 09/25/2023 Entry ID: 5319383

presented to the Court that Mr. Dennis was directing the importation of any drugs, just simply assuming a leadership position within the greater Cedar Rapids area. No evidence was presented that he was organizing shipments into the community, but merely giving individuals cell phones in order to connect with customers, as well as the distribution. Even some of the people described as working "for" the Appellant were actually at a co-equal level. For instance, Mr. Leyden's testimony indicated that Demo Irvin was selling heroin "with" the Defndant, rather than buying from him or being sold to (Sent. Trans.30:15-21). The distribution was oftentimes done through shared phones with other individuals, es exhibited by paragraphs 16 and 17 of the Presentence Report, or direct sales from Mr. Dennis as shown by paragraph 20 (R.Doc. 424). A four-level enhancement for his role in the offense was just not supported by the evidence for Mr. Dennis.

## IV. THE SENTENCE IMPOSED BY THE COURT WAS GREATER THAN NECESSARY TO ACHIEVE THE GOALS OF 18 U.S.C. §3553(a).

**Standard of Review:** Sentences are reviewed under the "unreasonableness" standard announced in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *United States v. Tyson*, 413 F.3d 824, 825 (8th Cir. 2005). This is the equivalent of an abuse of discretion review. See *United States v.*

Appellate Case: 23-1897    Page: 18    Date Filed: 09/25/2023 Entry ID: 5319383

*Haack*, 403 F.3d 997, 1003 (8th Cir.), cert. denied, 546 U.S. 913, 126 S.Ct. 276, 163 L.Ed.2d 246 (2005).

**Merits:** 18 U.S.C. §3553(a) sets forth the factors the Court should consider in determining the appropriate sentence. The sentence imposed should be sufficient, but not greater than necessary, to support those aims. 400 months is simply an excessive sentence, even if this Court finds that the above enhancements are appropriate.

Mr. Dennis was not a Career Offender. He would not have met the threshold for an Armed Career Criminal. As discussed above, he credibly denied the only use of violence the Government specifically tried to put upon him. His criminal history is by and large non-violent—his only criminal history paragraph from his Presentence Report that involved assaultive behavior was an unscored domestic abuse charge from 2011 when Appellant was 21 years old (R.Doc. 424). To put an individual into prison for over thirty years for that background, even for a serious drug offense, is excessive and exceeds any sentencing goal of 18 U.S.C. §3553(a).

Appellate Case: 23-1897    Page: 19    Date Filed: 09/25/2023 Entry ID: 5319383

## CONCLUSION

For all of the above reasons, Defendant/Appellant respectfully submits his restitution was recalculated incorrectly, and the matter should be amended on appeal or remanded for further consideration.

Respectfully submitted,

*/S/ Brian D. Johnson*
Brian D. Johnson
Jacobsen Johnson & Wiezorek, P.L.C.
425 2nd Street SE, Suite 803
Telephone:  (319) 286-1767
Facsimile: (319) 286-1137
bjohnson@jjwlegal.com
ATTORNEY FOR APPELLANT

14

## CERTIFICATE OF SERVICE

I certify that I mailed two copies of this brief to Mr. Dan Chatham, U.S.

Attorney's Office, 111 Seventh Avenue, SE, Box 1, Cedar Rapids, Iowa 52401, on

_____, 2023.


I further certify that I have mailed a singular copy of the brief and

Addendum to the Defendant-Appellant on _____, 2023 at:

__FCI Beckley_____



/S/ Brian D. Johnson

Brian D. Johnson
Jacobsen Johnson & Wiezorek, P.L.C.
425 2nd Street SE, Suite 803
Telephone:  (319) 286-1767
Facsimile: (319) 286-1137
bjohnson@jjwlegal.com
ATTORNEY FOR APPELLANT

Appellate Case: 23-1897    Page: 21    Date Filed: 09/25/2023 Entry ID: 5319383

# CERTIFICATE OF FILING

I certify that I filed ten copies of this brief to the U.S. Court of Appeals for the Eighth Circuit Clerk's Office, Thomas F. Eagleton Courthouse, Room 24.329, 111 S. 10th Street, St. Louis, Missouri, 63102 by sending it via United States Postal Service on _____, 2023.

/S/ Brian D. Johnson
Brian D. Johnson
Jacobsen Johnson & Wiezorek, P.L.C.
425 2nd Street SE, Suite 803
Telephone: (319) 286-1767
Facsimile: (319) 286-1137
bjohnson@jjwlegal.com
ATTORNEY FOR APPELLANT

16

# CERTIFICATE OF ELECTRONIC FILING

I certify that on September 22, 2023, the foregoing was filed electronically via the Appellate CM-ECF, and copies electronically sent to all parties of record.

/S/ Brian D. Johnson

Brian D. Johnson
Jacobsen Johnson & Wiezorek, P.L.C.
425 2nd Street SE, Suite 803
Telephone:  (319) 286-1767
Facsimile: (319) 286-1137
bjohnson@jjwlegal.com
ATTORNEY FOR APPELLANT

17

**F.R.A.P. 32(a)(7) AND 8TH CIR. RULE 28A(a) CERTIFICATION**

I certify that the brief is written on Microsoft Word with a 14-point Times New Roman font and contains no more than 2,774 words exclusive of table of contents, table of authorities, any addendum, or certificates of counsel.

*S/ Brian D. Johnson*
Brian D. Johnson
Jacobsen Johnson & Wiezorek, P.L.C.
425 2nd Street SE, Suite 803
Telephone: (319) 286-1767
Facsimile: (319) 286-1137
bjohnson@jjwlegal.com
ATTORNEY FOR APPELLANT

18